## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **WALTER SHAH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.** |
| **v.** | ) | |
| | ) | |
| **UNION PACIFIC RAILROAD COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY DEMANDED** |

## COMPLAINT

**NOW COMES** the Plaintiff, **WALTER SHAH**, by and through his attorney, John S. Bishof, Jr. of the Law Office of John Bishof, P.C., and for his Complaint against the Defendant, **UNION PACIFIC RAILROAD COMPANY**, states unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1.      This Complaint is based upon and arising under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A § 621, to prohibit arbitrary age discrimination in employment and to provide appropriate relief to employees who were adversely affected by such practices and  Title VII of Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) *et seq*, 42 U.S.C. §2000e-3 *et seq* and 42 U.S.C. § 1981a (a)(1) to correct unlawful employment practices on the basis of race and retaliation for participating in a protected activity and to provide appropriate relief to classes of employees who were adversely affected by such practices.

2.      This Court has jurisdiction of the claims pursuant to 28 U.S.C. §§ 1331, 1343. Venue is proper in this district pursuant to 28 U.S.C.A. § 1391(b).

3. The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

4. Plaintiff, **Walter Shah**, is now, and at all times relevant hereto, a citizen of the State of Illinois and resident of this District in Cook County.

5. Defendant, **Union Pacific Railroad Company (hereinafter "UP")**, is now, and at all times relevant hereto, a corporation duly organized and existing according to law engaged in business as a common carrier by rail in interstate commerce. The **UP's** principal place of business is located in Omaha, Nebraska. **UP**, at all relevant times, does business as a common carrier by rail in counties of this District including the County of Cook. **UP** also owns, operates and controls many miles of track, rail yards and related facilities throughout this District. **UP** is and was an employer under Section 701(b) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e(b)). **UP** is an employer who employs in excess of twenty (20) employees.

6. At all times relevant hereto, Plaintiff, **Walter Shah**, was employed by Defendant, **UP**, as Assistant Custodian Coordinator and Plaintiff and Defendant were engaged in work in furtherance of interstate commerce.

## ADMINISTRATIVE REQUIREMENTS

7. On June 08, 2018, Plaintiff filed charges of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2018-05863 ("Exhibit A").

8. Plaintiff received the Notice of the Right to Sue Letter from the EEOC for Charge No. 440-2018-05863 dated June 12, 2018. Said Notice of the Right to Sue Letter is attached hereto as "Exhibit B." This case is filed within ninety (90) days of receipt of said Notice of the Right to Sue Letter.

9. Plaintiff's Charges of Discrimination were timely filed after the alleged unlawful employment practices occurred. Thus, Plaintiff has satisfied all administrative prerequisites for Charge No. 440-2018-05863.

## FACTUAL BACKGROUND

10. Plaintiff, an African-American male, age 66, began his employment with Defendant on or about February 8, 2002. Most recently, Plaintiff was employed as Assistant Custodian Coordinator.

11. The incident that prompted the EEO Complaint began on March 26, 2018; Plaintiff and others attended an Engineering Department Certification Class followed by rules testing.

12. After the test, one of the instructors had presented Plaintiff with an Engineering Department Certificate of Qualification which certified that Plaintiff has been trained and qualified in the following areas:

a) On-Track Safety
b) Roadway Worker
c) Lookout
d) Flagman
e) Lone Worker
f) Machine Operator
g) Train Approach Warning System and,
h) Employee-in-Charge

13. The extent and limits of this training only focused on what Plaintiff would encounter in his position of custodian.

3

14. For the past seven or eight years, Plaintiff, and others in his craft, had taken the tests on computers. They would repeat the test until they passed.

15. On the following day, Plaintiff was sent home by Jonathan Smith, Manager Special Project, because Smith claimed that Plaintiff failed the test.

16. Prior to this time, Plaintiff had never been relieved of his duty based upon a claim that he failed the test.

17. Prior to this time, failing the test was never a basis to disqualify those employees in Plaintiff's craft since these jobs are seniority based.

## COUNT I
### Age Discrimination in Employment Act of 1967, 29 U.S.C.A § 621

1 - 17. Plaintiff adopts and reaffirms the allegations contained in paragraphs 1 - 17 of this complaint as paragraphs 1 - 17 of Count I.

18. Plaintiff, age 66, was employed by UP for 16 years.

19. At all relevant times, Plaintiff was well-qualified to perform the job of Assistant Custodian Coordinator.

20. Smith discharged Plaintiff on or about March 27, 2018 based on Smith's claim that plaintiff failed the test and was not qualified and trained to perform his job as an Assistant Custodian Coordinator.

21. Smith immediately replaced Plaintiff with a much younger female, DJ, who worked Plaintiff's position until an individual with much more seniority "bumped" her pursuant to the rights of union members provided in the Collective Bargaining Agreement between defendant and Plaintiff's union, Transportation Communications Union/IAM.

4

22. As a proximate result of the practices alleged, Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss of income and other monetary benefits, and compensatory damages.

23. Defendant's actions were intentional, willful, and malicious or were committed with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff requests judgment against Defendant and the Court grant him the following relief:

A. Enjoin Defendant's continuing unlawful employment practices;

B. Grant Plaintiff a judgment in such sum as this Court may deem equitable and just for pay-back, back benefits and compensatory damages;

C. Grant Plaintiff a judgment in such sum as this Court may deem equitable and just for punitive damages;

D. Award Plaintiff reasonable attorneys' fees and costs; and

E. For such other and further relief as this Honorable Court deems equitable and just.

## COUNT II
### Section 1981 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and § 2000e

1 - 17. Plaintiff adopts and reaffirms the allegations contained in paragraphs 1 - 17 of this complaint as paragraphs 1 - 17 of Count II.

18. Plaintiff, an African-American male, was employed by UP for 16 years.

19. At all relevant times, Plaintiff was well-qualified to perform the job of Assistant Custodian Coordinator.

20. Smith discharged Plaintiff on or about March 27, 2018 based on Smith's claim that Plaintiff failed his test and was not qualified and trained to perform his job as an Assistant Custodian Coordinator.

21.     Upon information and belief, the unlawful discriminatory practices by Defendant, as set forth above, were intentional, in that, Defendant, and specifically, Mr. Smith would treat white employees more favorably than black employees, in that, Smith would not fabricate reasons to remove white custodial employees whereas, he would remove the black custodial employees for various unsubstantiated reasons, such as, allegations of cheating on and failing tests.

22.     Defendant, at all relevant times, acted with malice or reckless indifference to the federally protected rights of Plaintiff in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq, and Title I of the Civil Rights Act of 1991.

23.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff suffered severe emotional distress and humiliation about the ability to support himself during the two months he was out of work, as well as disruption of his personal life and damage to his employment reputation.

WHEREFORE, Plaintiff requests judgment against Defendant and the Court grant him the following relief:

A.     Enjoin Defendant's continuing unlawful employment practices;

B.     Grant Plaintiff a judgment in such sum as this Court may deem equitable and just for pay-back, back benefits and compensatory damages;

C.     Grant Plaintiff a judgment in such sum as this Court may deem equitable and just for punitive damages;

D.     Award Plaintiff reasonable attorneys' fees and costs; and

E.     For such other and further relief as this Honorable Court deems equitable and just.

6

Respectfully submitted,

/s/ John S. Bishof, Jr.

John S. Bishof, Jr., #213926
Law Office of John Bishof, P.C.
101 North Wacker Street, Suite 200
Chicago, IL 60606
Ph: 312-630-2048
Fax: 312-630-2085
jsbishof@jsblegal.com